UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARIE BÄRSCH,

                         Plaintiff,                    1:24-CV-820 (AMN/DJS)

v.

MODERN BOSS MARKETING LLC; and DOES 1
through 10 inclusive,

                         Defendants.
_____

APPEARANCES:                                         OF COUNSEL:

**THE LAW FIRM OF**                      **TARYN R. MURRAY, ESQ.**
**HIGBEE AND ASSOCIATES**
3110 W Cheyenne Ave Suite 200
Las Vegas, NV 89032
*Attorneys for Plaintiff*

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

On June 27, 2024, Plaintiff Marie Bärsch, commenced this copyright infringement action pursuant to 17 U.S.C. § 101 *et seq.*, seeking money damages and injunctive relief. Dkt. No. 1. Presently before the Court is Plaintiff's motion for a default judgment under Rule 55(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Dkt. No. 10 (the "Motion").

For the reasons set forth below, Plaintiff's Motion is granted.

**II.    BACKGROUND**

Plaintiff Marie Bärsch is a professional photographer specializing in beauty and fashion photography. Dkt. No. 1 at ¶¶ 4, 8. Plaintiff's photographs have appeared in various publications

1

including *Vogue*, *Elle*, *Harper's Bazaar*, *Marie Claire*, *Cosmopolitan*, and *Vanity Fair*. *Id.* at ¶ 9. Plaintiff is the sole author and exclusive rights holder to an image of a model's face partially covered by a plant (the "disputed image"). *Id.* at ¶ 10. Effective September 14, 2020, Plaintiff registered the disputed image with the United States Copyright Office under Registration Number VA 2-217-440. *Id.* at ¶ 12; *see also* Dkt. No. 1-1 at 4.[1]

Defendant Modern Boss Marketing LLC ("Modern Boss") is a New York limited liability company with a principal place of business in Albany, New York. *Id.* at ¶ 5. According to its website, Modern Boss is "a boutique marketing firm specializing in social media management and aesthetic marketing." *Id.* at ¶ 15. Plaintiff alleges she discovered that Modern Boss posted the disputed image on its Instagram page on or about December 22, 2023 (the "Instagram post"). *Id.* at ¶ 19.[2] The Instagram post was accompanied by the following caption: "MedSpa & Beauty Pros : Ditch the general SMM and work with the specialist in your industry. Follow along @modernbossmarketing to see how we can transform your social media with strategic / aesthetic content." *Id.*; *see also* Dkt. No. 1-1 at 7-8. The Instagram post also incorporated text into the image itself which read: "POV: YOU DECIDED TO WORK WITH A SMM FOR YOUR INDUSTRY ONLY!" and "MEDSPA & BEAUTY PROS FOLLOW ALONG[.]" *Id.* at ¶ 21; *see also* Dkt. No. 1-1 at 7-8. Based on the Instagram post and the information gleaned from the Modern Boss website, Plaintiff alleges, upon information and belief, that the disputed image was incorporated into materials, or "content packages" which Modern Boss provided to at least one of

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

[2] The Court notes that the Instagram post depicts the top and bottom halves of the disputed image as separated by a block of text. *See* Dkt. No. 1-1 at 7. Moreover, the disputed image is displayed on a computer screen which does not fill the entirety of the frame of the Instagram post. *Id.* As discussed below, even considering the editing done to the disputed image, the Court finds that the Instagram post constitutes copyright infringement.

its clients. *See id.* at ¶¶ 22-27. According to the Complaint, the materials that Modern Boss provides as part of its "content packages" may be reused by the purchaser of the package. *Id.* at ¶¶ 26, 30.

Plaintiff has no record of licensing the disputed image to Modern Boss, nor did Plaintiff give Modern Boss permission or authorization to use, make a copy of, publicly display, or distribute the disputed image on Modern Boss's Instagram account or any other platform. *Id.* at ¶ 28. After discovering the unauthorized use of the disputed image, Plaintiff contacted Modern Boss, but the parties "were unable to resolve the matter." *Id.* at ¶ 32.

Plaintiff filed this suit, alleging a violation of the Copyright Infringement Act. Modern Boss was served on or about July 16, 2024 via its registered agent, Registered Agents Inc., located at 418 Broadway, Suite R, Albany, New York 12207. Dkt. No. 6. Despite service, Modern Boss has failed to respond to the Complaint or enter an appearance. On August 22, 2024, Plaintiff filed a request for entry of a certificate of default pursuant to Federal Rule of Civil Procedure 55(a), which the Clerk of Court granted. *See* Dkt. Nos. 8, 9.

**III.   STANDARD OF REVIEW**

Fed. R. Civ. P. Rule 55 "provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." *Robertson v. Doe,* 05-CV-7046 (LAP), 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008). "First, under Rule 55(a), when a party fails to 'plead or otherwise defend . . . the clerk must enter the party's default.'" *Id.* (quoting Fed. R. Civ. P. 55(a)).[3] "Second, pursuant to Rule 55(b)(2), the party seeking [a] default judgment is required

---

[3] *See also* Northern District of New York Local Rule ("Local Rule") 55.1 (requiring a party seeking a clerk's entry of default to "submit an affidavit showing that (1) the party against whom it seeks a judgment . . . is not an infant, in the military, or an incompetent person (2) a party against whom it seeks a judgment for affirmative relief has failed to plead or otherwise defend the action . . . and

to present its application for entry of judgment to the court." *Id*.  Pursuant to Local Rule 55.2(b), "[a] party shall accompany a motion to the Court for the entry of a default judgment, pursuant to Fed. R. Civ. P. 55(b)(2), with a clerk's certificate of entry of default . . . a proposed form of default judgment, and a copy of the pleading to which no response has been made."  While a moving party must service notice of the request for a default judgment on the defendant if "the party against whom a default judgment is sought has appeared personally or by representative in the action[,]" *see* Fed. R. Civ. P. 55(b)(2), courts have recognized that where a defendant has not appeared in an action, service of the motion for a default judgment is not required.  *See, e.g., Alston v. City of New York*, 22-cv-5395 (BMC), 2024 WL 4100175, at *5 (E.D.N.Y. Sep. 5, 2024) ("if a party has ignored service of a summons and complaint, a plaintiff does not have to chase him down with subsequent notices to see if he has changed his mind"); *Rove LLC v. Antonio168*, 20-cv-02124 (ALC), 2023 WL 6796034, at *3 n.4 (S.D.N.Y. Oct. 13, 2023) (citing *Moskovitz v. La Suisse*, No. 06 CIV. 4404 CM, 2013 WL 6197163, at *3 (S.D.N.Y. Nov. 25, 2013)).

      Default judgments "are generally disfavored and are reserved for rare occasions[.]" *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993).  Before a court enters a default judgment, it "must ensure that (1) jurisdictional requirements are satisfied, (2) the plaintiff took all the required procedural steps in moving for [a] default judgment, and (3) the plaintiff's allegations, when accepted as true, establish liability as a matter of law." *Windward Bora, LLC v. Brown*, No. 21-CV-03147 (KAM) (RER), 2022 WL 875100, at *2 (E.D.N.Y. Mar. 24, 2022) (quotation marks and citation omitted) (brackets in original).

---

(3) it has properly served the pleading to which the opposing party has not responded").

The decision to grant a motion for a default judgment is within "the sound discretion of the district court." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contrs. Inc.*, 699 F.3d 230, 233 (2d Cir. 2012) (quotation marks and citation omitted). "When evaluating the defendant's liability, the court accepts as true all well-pleaded allegations in the complaint." *Wilmington Sav. Fund Soc'y, FSB as trustee of Aspen Holdings Tr. v. Fernandez*, 712 F. Supp. 3d 324, 330 (E.D.N.Y. Jan. 22, 2024) ("*Wilmington*") (citing *Vera v. Banco Bilbao Vizcaya Argentaria, S.A.*, 946 F.3d 120, 135 (2d Cir. 2019)). However, "the court cannot construe the damages alleged in the complaint as true," and the court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *W. Coast Servicing, Inc. v. Giammichele,* No. 1:19-CV-1193 (GTS) (CFH), 2020 WL 5229374, at *2 (N.D.N.Y. Sept. 2, 2020) (quotation marks and citations omitted).

## IV.   DISCUSSION

### A.  Jurisdiction and Procedural Requirements

The Court first addresses its jurisdiction over this matter. While a "plaintiff has the burden to establish jurisdiction, a federal court has an independent obligation to determine whether subject-matter jurisdiction exists 'even in the absence of a challenge from any party.'" *Wilmington*, 712 F. Supp. 3d at 330 (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). Federal question subject matter jurisdiction exists over Plaintiff's copyright infringement claim. *See* 28 U.S.C. § 1331; *see also* 28 U.S.C. § 1338 ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks."). Moreover, the Court has personal jurisdiction over Defendant because Modern Boss is a New York Limited Liability Company with a principal place of business in Albany, New York. *See* Dkt. No. 1 at ¶ 5; Dkt. No. 8-2 at 2.

Next, the Court must assess whether Plaintiff has taken "all the required procedural steps in moving for [a] default judgment." *Windward Bora, LLC*, 2022 WL 875100, at *2. Here, Plaintiff properly requested and obtained entry of a certificate of default by presenting the materials required by Fed. R. Civ. P. 55(a) and Local Rule 55.1. *See* Dkt. Nos. 8 and 9. Next, Plaintiff properly filed the present motion in accordance with Fed. R. Civ. P. 55(b). Dkt. No. 10. Though Plaintiff filed no certificate of service demonstrating that she served the Motion on Defendant, she need not do so because Fed. R. Civ. P. 55(b)(2) does not require service of the Motion on parties that have not appeared in the action. *See, e.g., Alston*, 2024 WL 4100175, at *5. Regardless, though not required by the Local Rules, Plaintiff's counsel did file a certificate of service indicating that she served Plaintiff's initial request for a certificate of a default under Fed. R. Civ. P. 55(a) on Defendant, mitigating any concern that Defendant is unaware of its default. Dkt. No. 8 at 3; Dkt. No. 8-1 at 4. Accordingly, the Court finds that Plaintiff has complied with the procedural requirements for seeking a default judgment.

### B. Liability

Next, the Court must assess whether Plaintiff's allegations, taken as true, establish liability. "To prevail on a claim of copyright infringement, the Plaintiff must demonstrate both (1) ownership of a valid copyright and (2) infringement of the copyright by the Defendant." *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 108-109 (2d Cir. 2001). For the first element, "regist[ration] in the United States Register of Copyrights" within five years of publication establishes "a statutory presumption that the copyrights are valid." *Id.* at 109; *see also Sadowski v. Urbanspotlite LLC*, No. 1:22-cv-00887 (BKS/DJS), 2023 WL 2838376, at *2 (N.D.N.Y. Apr. 7, 2023). In assessing the second element, infringement, "the copyright owner must demonstrate that '(1) the defendant has actually copied the plaintiff's work; *and* (2) the copying is illegal

because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's.'" *Id.* at 110 (quoting *Hamil America Inc. v. GFI*, 193 F.3d 92, 99 (2d Cir. 1999)) (emphasis in original). "Actual copying may be shown by direct evidence or indirect evidence[.]" *Stokes v. MilkChocolateNYC LLC*, 681 F. Supp. 3d 226, 238 (S.D.N.Y. 2023). As relevant here, when assessing visual works for substantial similarity, courts must look to whether "an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work[,]" and the "observability of the copyrighted work in the allegedly infringing work." *Hirsch v. CBS Broadcasting Inc.*, 17 Civ. 1860 (PAE), 2017 WL 3393845, at *3 (S.D.N.Y. Aug. 4, 2017) (quoting *Knitwaves, Inc. v. Lollytogs Ltd. (Inc.)*, 71 F.3d 996, 1002 (2d Cir. 1995), and *Sandoval v. New Line Cinema Corp.*, 147 F.3d 215, 217 (2d Cir. 1998)).

Here, Plaintiff has satisfied her burden to demonstrate copyright infringement. As to the first element, Plaintiff alleges that she registered her copyright with the United States Register of Copyrights on September 14, 2020 and filed the certificate of registration itself in support of the Complaint. *See* Dkt. No. 1-1 at 4. The certificate of registration demonstrates that the disputed image was published, at the earliest, in February 2018, less than five years prior to the registration. *Id.* Therefore, Plaintiff has demonstrated that she owns a valid copyright. *See Yurman Design, Inc.*, 262 F.3d at 109. As to the second element, Plaintiff also alleges that Modern Boss posted the disputed image on its Instagram page and used the disputed image in client "content packages" without obtaining permission from Plaintiff. Given this Court's obligation to accept the allegations as true at the default stage, the Court finds that Plaintiff has demonstrated actual unauthorized copying of the disputed image. *See Stokes*, 681 F. Supp. 3d at 238 (finding copyright violation

based on allegations that defendant posted a copyrighted image to its Instagram account).[4]  The Court has also reviewed the disputed image and Modern Boss's Instagram post and finds that a substantial similarity exists.  Though the Court notes that the Instagram post contains a dissected version of the disputed image (*i.e.*, the top of the image and bottom of the image are separated by text), Dkt. No. 1-1 at 7, an "average lay observer would recognize it as a copy." *Hirsch*, 2017 WL 3393845, at *3 (finding copyright infringement where a "fair amount" of the disputed photo was cropped out).  Moreover, that the disputed image does not constitute the entirety of the Instagram post does not warrant a different conclusion; the disputed image is clearly visible on the laptop screen depicted in the Instagram post, and based on the Instagram post's caption, the laptop screen was intended to be the central focus.  *See* Dkt. No. 1-1 at 7.  Therefore, the Court finds Plaintiff has established liability against Modern Boss.

### C. Relief

Finally, the Court must determine whether the relief requested by Plaintiff should be granted.  Plaintiff first requests $9,750 in statutory damages.  Dkt. No. 10-1 at 16.[5]  The Copyright

---

[4] Though Plaintiff's allegation that Defendant used the disputed image not just on its Instagram page but also in "content packages" provided to clients is based on information and belief, the Court deems the allegations sufficient to support a default judgment.  *See, e.g., Flanagan v. North Star Concrete Const., Inc.*, No. 13–CV–2300(JS)(AKT), 2014 WL 4954615, at *6 (E.D.N.Y. Oct. 2, 2014) ("allegations on information and belief may be sufficient to hold defendant individually liable on default judgment where they state facts primarily within the defendant's knowledge" (listing cases)).  Indeed, the Instagram post displays the disputed image on a laptop accompanied by text which strongly suggests that the disputed image is part of the services Modern Boss provides to clients.  Thus, Plaintiff's allegations are far from conclusory, and instead, are based on a straightforward interpretation of the Instagram post.

[5] "[B]ecause plaintiff's submissions provide a basis for an award of damages, no hearing is required." *Barsch v. Previse, LLC*, 22 Civ. 9913 (JGLC) (GWG), 2024 WL 72576, at *2 (S.D.N.Y. Jan. 8, 2024), *adopted by*, 2024 WL 710313 (Feb. 21, 2024); *see also Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 189 (2d Cir. 2015) (the law "allows but does not require the district judge to conduct a hearing" on damages (internal quotation marks and citation omitted)).

Act "allows plaintiffs to sue for 'statutory damages' in lieu of 'actual damages and profits.'" *Yurman Design Inc.*, 262 F.3d at 112 (quoting 17 U.S.C. § 504(c)). "No proof of actual damages or, in fact, any damages is necessary for the award of statutory damages." *Hollander Glass Texas, Inc. v. Rosen-Paramount Glass Co., Inc.*, 291 F. Supp. 3d 554, 559 (S.D.N.Y. 2018) (citation omitted), *adopted by* 2019 WL 416327 (S.D.N.Y. Feb. 1, 2019). Statutory damages in copyright cases amount to "a sum of not less than $750 or more than $30,000[.]" 17 U.S.C. § 504(c)(1). However, if Plaintiff demonstrates that the infringement was "committed willfully," the Court may use its discretion to "increase the award . . . to a sum of not more than $150,000[.]" 17 U.S.C. § 504(c)(2). To determine the proper award, courts examine six factors: "(1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties." *Bryant v. Media Right Productions, Inc.*, 603 F.3d 135, 144 (2d Cir. 2010) (citation omitted). Here, by virtue of Modern Boss's default, the Court finds that the infringement was willful. *See, e.g., Stokes*, 681 F. Supp. 3d at 238. Moreover, Plaintiff's request of $9,750 represents three times the amount that Plaintiff typically charges licensees of her photographs, according to a declaration filed alongside the current motion and supporting documentation. Dkt. No. 10-2 at ¶¶ 6-7; *see also* Dkt. No. 10-3 at 5. Plaintiff's demonstrated licensing fee is the best proxy for the expenses saved by Modern Boss and the loss of revenue by Plaintiff, and Defendant's default weighs in favor of a heightened award under the remaining factors. *See AW Licensing, LLC v. Bao*, 15-cv-1373 (KBF), 2016 WL 4137453, at *3 (S.D.N.Y. Aug. 2, 2016). As such, upon consideration of the proper factors, the Court finds that Plaintiff's request for $9,750 in statutory damages is reasonable. *See, e.g., Mango v. BuzzFeed, Inc.*, 356 F.

Supp. 3d 368, 374-75 (S.D.N.Y. 2019) ("courts in this Circuit commonly award, in cases of non-innocent infringement, statutory damages of between three and five times the cost of the licensing fees the defendant would have paid"); *Sadowski*, 2023 WL 2838376, at *4 (quadrupling licensing fee to arrive at $7,200 in statutory damages).

Plaintiff also requests a permanent injunction barring Modern Boss "from further displaying, distributing, or otherwise using Plaintiff's [disputed image] on its current Instagram page . . ., on any other website(s) on the World Wide Web which it owns, operates, or otherwise has control over, or in any other manner on or off the internet—unless and until Defendant has received a license or other express consent from Plaintiff or Plaintiff's assignee." Dkt. No. 10-1 at 11. The Copyright Act authorizes injunctive relief designed "to prevent or restrain infringement of a copyright." *See* 17 U.S.C. § 502(a). Before granting injunctive relief in a copyright infringement case, a plaintiff must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Salinger v. Colting*, 607 F.3d 68, 77 (2d Cir. 2010) (quoting *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)); *see also Rovio Ent. Ltd. v. Allstar Vending, Inc.*, 97 F. Supp. 3d 536, 546-47 (S.D.N.Y. 2015). Here, each of these factors is satisfied.

First, taking Plaintiff's allegations as true, Plaintiff has suffered irreparable harm. Irreparable harm includes loss that "is difficult to replace or difficult to measure" and "loss that one should not be expected to suffer." *Hounddog Productions, L.L.C. v. Empire Film Group, Inc.*, 826 F. Supp. 2d 619, 632 (S.D.N.Y. 2011) (quoting *Salinger*, 607 F.3d at 81). "[C]ourts routinely find the harm suffered by plaintiffs in copyright cases to be 'irreparable' on the theory that lost

sales or diminished reputation can be difficult if not impossible to measure." *Broadcast Music, Inc. v. Prana Hospitality, Inc.*, 158 F. Supp. 3d 184, 195 (S.D.N.Y. 2016) (citing *Beastie Boys v. Monster Energy Co.*, 87 F.Supp.3d 672, 677 (S.D.N.Y.2015)).  Here, Plaintiff alleges that Defendant used the disputed image not only in the Instagram post, but also, in an unknown number of "content packages" provided to Defendant's social media marketing clients.  The Complaint alleges that such "content packages" were provided to Defendant's clients so that the materials contained therein could "be reused by the purchaser." Dkt. No. 1 at ¶¶ 26, 30.  Given Defendant's default, the Court has no way of assessing whether the disputed image was in fact distributed to clients or used by clients in their own marketing materials.  As such, "[t]he Court is [] satisfied here that there is no practical way of determining the actual damages sustained by [P]laintiff[] as a result of [D]efendant['s] infringement, and that the harm endured is one that [P]laintiff[] 'should not be expected to suffer.'" *Broadcast Music, Inc.*, 158 F. Supp. 3d at 195 (quoting *Salinger*, 607 F.3d at 81).  Second, because "there is no evidence to suggest that [Modern Boss] has stopped or will stop" its use of the disputed image in its marketing or its alleged distribution of the disputed image to its clients, the Court "infers from [Modern Boss's] default that it is willing to continue its infringement." *Hounddog*, 826 F. Supp. 2d at 633.  Third, "[i]t is axiomatic that an infringer . . . cannot complain about the loss of ability to offer its infringing product." *WPIX, Inc. v. ivi, Inc.*, 691 F.3d 275, 287 (2d Cir. 2012) (alteration in original) (quoting *WPIX, Inc. v. ivi, Inc.*, 765 F.Supp.2d 594, 621 (S.D.N.Y.2011)).  Thus, the balance of hardships weighs strongly in favor of Plaintiff.  Fourth and finally, the public interest would be served by the issuance of a permanent injunction.  In copyright infringement cases, the Second Circuit has noted that "the public's interest may well be already accounted for by the plaintiff's interest" in protecting its copyright. *Salinger*, 607 F.3d at 82; *see also Stark Carpet Corp. v. Stark Carpet & Flooring Installations, Corp.*, 954

F. Supp. 2d 145, 164 (E.D.N.Y. June 20, 2013) (finding copyright infringement actions "serve the public interest by preventing customer confusion and allowing a more efficient marketplace to operate by virtue of the availability to consumers of a clear identification of products, services and vendors"). Therefore, the Court grants Plaintiff's request for a permanent injunction.

Plaintiff requests an award of $537 for costs, comprised of a $405 filing fee and $145 spent on service of the Summons and Complaint. Dkt. No. 10-1 at 17.[6] In support of this request, Plaintiff has filed a payment confirmation affirming the filing fee and an invoice supporting the cost of service. *See* Dkt. No. 10-3 at 7-9. "These expenses are routinely recoverable." *Stokes*, 681 F. Supp. 3d at 246 (listing cases). Accordingly, the Court awards Plaintiff $537 in costs.

Finally, Plaintiff requests an award of $1,933.75 in attorney's fees. Dkt. No. 10-1 at 17-19. "There is no automatic right to an award of attorney's fees to prevailing parties in copyright cases." *Stokes*, 681 F. Supp. 3d at 243. Instead, such awards are a matter of discretion in which courts consider "(1) the frivolousness of the non-prevailing party's claims or defenses; (2) the party's motivation; (3) whether the claims or defenses were objectively unreasonable; and (4) compensation and deterrence." *Mango*, 356 F. Supp. 3d at 379 (citation and internal quotation marks omitted). "Particularly in cases of default and willful infringement, courts have found it appropriate to award attorney's fees both for purposes of compensation and deterrence." *Stokes*, 681 F. Supp. 3d at 243-44. Therefore, the Court exercises its discretion to award attorney's fees. Having established attorney's fees are warranted, the Court must determine the proper figure. The Court turns to the "lodestar" calculation, "which is the number of hours expended multiplied by a reasonable hourly rate." *Id.* at 244 (citing *Healey v. Leavitt*, 485 F.3d 63, 71 (2d Cir. 2007)). In the Second Circuit, "the lodestar . . . creates a presumptively reasonable fee." *Millea v. Metro-*

---

[6] Despite the total costs equaling $550, Plaintiff only requests $537. *Id.*

*North Railroad Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (internal quotation marks and citations omitted). Plaintiff has submitted evidence of both the number of hours worked by her counsel and the rates charged. *See* Dkt. No. 10-2 at ¶ 22 (counsel declaring, under penalty of perjury, that she charges $325/hour); Dkt. No. 10-3 at 10 (documenting 5.95 hours worked on this matter). The Court finds that the hourly rate charged by counsel in this case, $325/hour, is within the reasonable range of rates for attorneys performing similar copyright work, especially considering counsel litigated this case alone. *See, e.g., Davis v. XPW Wrestling*, 5:23-CV-675 (FJS/MJK), 2024 WL 3043407, at *6 (N.D.N.Y. June 18, 2024) ("Cases in this district have found reasonable rates to generally be $275-$350 for experienced partners, $165-$200 for junior associates, and $90 for paralegals" (citation and internal quotation marks omitted)); *Sadowski*, 2023 WL 2838376, at *6 (reducing rate of experienced attorney to $350/hour); *Broad. Music, Inc. v. DeJohn's on Lark, Inc.*, No. 19-cv-637, 2020 WL 1986903, at *6 (N.D.N.Y. Apr. 27, 2020) (reducing rate of experienced attorney to $350/hour in copyright infringement case). Moreover, the Court finds that the number of hours expended by counsel in litigating this case, 5.95 hours, is reasonable and demonstrates that counsel acted efficiently in drafting the Complaint and the instant Motion. *See Stokes*, 681 F. Supp. 3d at 245 (finding 13.1 hours to be reasonable for a copyright action which concluded with a motion for default judgment); *Broad. Music, Inc.*, 2020 WL 1986903, at *6 (finding 28.9 hours working on a motion for default judgment in a copyright infringement case reasonable). Having determined that the request is reasonable, the Court finds that Plaintiff should be awarded $1,933.75 in attorney's fees.

## V. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Plaintiff's Motion, Dkt. No. 10, is **GRANTED**; and the Court further

**ORDERS** that judgment be entered against Defendant in favor of Plaintiff for copyright infringement. Defendant shall be liable for $9,750.00 in statutory damages; and the Court further

**ORDERS** that Plaintiff be awarded $1,933.75 in attorneys' fees and $537 in costs; and the Court further

**ORDERS** that Defendant, including its officers, agents, servants, employees, and all other persons acting under its permission and authority, be enjoined from further displaying, distributing or otherwise using Plaintiff's disputed image on its Instagram page or on other website(s) on the World Wide Web which it owns, operates, or otherwise has control over, or in any other manner on or off the internet, unless and until Defendant has received a license or other express consent from Plaintiff or Plaintiff's assignee; and the Court further

**ORDERS** that Does 1 through 10 be dismissed from the case;[7] and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 16, 2025
Albany, New York

_____
Anne M. Nardacci
U.S. District Judge

---

[7] In addition to Defendant, Plaintiff has named "Does 1 through 10" as defendants in the Complaint. Dkt. No. 1 at 1. Plaintiff has not identified these defendants, and therefore, the action must be dismissed against the Doe defendants. *See Liu v. Millenium Motors Sports, LLC*, 17-CV-6438 (RPK) (RER), 2021 WL 3463193, at *3 (E.D.N.Y. Aug. 6, 2021) (dismissing "John Does #1-10" after granting default judgment against a named defendant).